UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAIME ANDRADE BACA,

Plaintiff,

v.

HOMESITE INSURANCE COMPANY OF THE MIDWEST,

Defendants.

Case No. 1:26-cv-06266-KES-EPG

ORDER SETTING SETTLEMENT CONFERENCE AND PARAMETERS; SCHEDULING PRE-CONFERENCE TELEPHONIC DISCUSSION

Settlement Statements Due: February 12, 2027
Pre-settlement Conference: February 26, 2027
10:00 am (Plaintiff) and 11:00 am (Defendants)
Settlement Conference: March 5, 2027

Magistrate Judge Helena Barch-Kuchta will hold a settlement conference on March 5, 2027 at 10:00 a.m. by videoconference, unless the parties request an in-person conference in Fresno. The Zoom invitation will be distributed the week prior.[1] The Court has reserved the entire day for the conference and expects the parties to participate in good faith and to attempt to resolve all or part of the case. If any party believes the conference will not be productive, that party shall notify the Court as far in advance as possible.

[1] Any difficulties concerning Zoom video conference, or connecting to the Zoom video conference, shall immediately be reported to Patricia Apodaca, Courtroom Deputy for the Hon. Helena Barch-Kuchta, United States Magistrate Judge, at papodaca@caed.uscourts.gov

PRESETTLEMENT EXCHANGE OF DEMAND AND OFFER

A settlement conference is more likely to be productive if the parties exchange written settlement proposals beforehand. Accordingly, no later than January 8 2027, if not already done, Plaintiff's counsel shall submit to Defendant's counsel a written itemization of damages and a settlement demand, together with a brief explanation of why the demand is reasonable and appropriate. No later than January 18, 2027, Defendant's counsel shall submit to Plaintiff's counsel a written offer, together with a brief explanation of why the offer is reasonable and appropriate. If the case does not settle, the parties shall include their respective demand and offer letters with the Settlement Conference Statement described below.

ATTENDANCE OF PARTIES REQURIED

Parties with full and complete settlement authority are required to personally attend the conference. See Local Rule 270(f). An insured party shall appear by a representative of the insurer who is authorized to negotiate and has authority to settle the matter up to the limits of the opposing parties' existing settlement demand. An uninsured corporate party shall appear through a representative authorized to negotiate and has authority to settle the matter up to the amount of the opposing parties' existing settlement demand. Except under the most extenuating circumstances, having a client with authority available by telephone is not an acceptable alternative.

MEDIATION FORMAT

The Court generally uses a mediation format: a brie joint session with opening presentations by the Court and each side, followed by private caucuses with each side. The Court expects counsel and party representatives to be fully prepared to participate. The Court encourages all parties to remain open to reconsidering prior positions and to consider creative means of resolving the dispute.

SETTLEMENT CONFERENCE STATEMENT

On or before February 12, 2027, each party must submit a Settlement Conference Statement to Judge Barch-Kuchta's chambers at hbkorders@caed.uscourts.gov. The statements should not be filed on the docket or served on any other party. Pursuant to Local Rule 270(d)-(e),

the settlement statements will be used solely by the Court to prepare for and conduct the settlement conference. They will not become part of the case file and will be shredded thereafter. If applicable, the statements should be marked "CONFIDENTIAL." *See* Local Rule 270(d).

Each statement should not exceed fifteen (15) pages, excluding exhibits. Please address the subjects below candidly, distinguish allegations from facts, and identify material points of agreement. Where information is unavailable or an issue is not applicable, please say so.

**1. Relevant facts, agreed facts, chronology.**

Provide a concise account of the facts, identify any stipulated or undisputed facts, and include a chronology addressing:

a. The property, Plaintiff's ownership and occupancy, the policy period, and the coverages implicated.

b. The roof's approximate age, materials, condition, maintenance, prior repairs, and any relevant prior leaks, damage, or insurance claims.

c. The alleged February 14, 2025 windstorm, the observed roof damage, and when and where water intrusion and interior damage were first discovered.

d. The date the loss was reported. The insurer's February 28, 2025 acknowledgement, inspections, requests for information, mitigation work, and material communications.

e. The decision to replace the roof in or about July 2025, including who recommended replacement, why replacement rather than repair was undertaken, the actual cost, and when the insurer received notice or an opportunity to inspect.

f. The December 30, 2025 written coverage determination and any subsequent reconsideration, supplemental submissions, or continued denial.

**1. Issues to be resolved, governing law, and supporting evidence.**

Identify the factual and legal issues requiring resolution, including issues outside the pleadings that may affect settlement. Address the strengths and weaknesses of your position and the evidence supporting or undermining each party's position. including

issues inside and outside of the lawsuit; the strengths and weaknesses of your case; and the evidence supporting each party's factual position. In particular, address:

a. Coverage and causation: Whether wind damaged the roof and caused interior water intrusion, whether wear and tear, deterioration ,installation defects, prior damage, or another cause contributed; and whether the roof and interior damage require separate coverage analyses.

b. Policy language: The specific insuring provisions, exclusions, exceptions, endorsement, and loss-settlement provisions relied upon. Quote the material language and provide policy page references.

c. Repair versus replacement: Whether storm-related damage required repair or full replacement, and the supporting contractor, adjuster, engineering, or other evidence.

d. Policy conditions: Any disputed compliance with notice, mitigation, inspection, or proof-of-loss, cooperation, repair documentation, or suit limitation provisions.

e. Evidence preservation: Whether the July 2025 replacement affected either party's ability to evaluate causation, and what photographs, samples, inspection records, or other evidence remain.

**2. Litigation expenses incurred and projected.**

State, in specific dollar amounts:

a. Attorney fees, expert fees, and other litigation costs incurred to date.

b. Estimated additional costs through the close of discovery, including anticipated depositions, expert fees, dispositive motions, pretrial proceedings, and trial.

c. Which fees or costs the party contends may be recoverable from the opposing party, with the asserted contractual or legal basis.

**3. Assessment of likelihood of success.**

Provide a candid percentage estimate of the probability that Plaintiff will establish a covered loss and obtain a monetary judgment, with a brief explanation of the assumptions

underlying that estimate.

**4. Damages and other requested relief.**

Provide an itemized damages analysis, stating the amount claimed, the amount disputed, and the basis for each party's position. Identify whether any other economic losses, including loss of use, financing, interest, or other consequent losses are sought with supporting evidence.

**5. Settlement history and current position.**

Summarize prior settlement discussion, including the dates and amount of demands, offers, counter offers, and any payments or tenders. Attach the most recent demand and offer correspondence.

**6. Participant and settlement authority**.

List all anticipated participants by name, title, role, and method of attendance, including Plaintiff, counsel, the insurer's representative, and any other necessary decision-maker. Explain whether an adjuster, contractor, or expert should be available to resolve technical questions, even if not attending throughout.

**7. Mortgagees, lienholders, vendors, and other interested persons.**

Identify any person or entity whose rights or payment interests could affect settlement or disbursement, including mortgages, co-insureds, roofing contractors or other vendors, any other insurer or third party with a potential recover interest.

**8. Impediments to settlement and policy-related constraints.**

Identify financial, emotional, evidentiary, procedural, or legal barriers to resolution. Because this is a first-party insurance dispute, identify the policy at issue and its applicable limits, and deductible. Identify any separate coverage, retention, or other funding arrangement only if it materially affects settlement authority, funding, or necessary participation.

**9. Practical or non-monetary resolution options.**

Identify any alternatives to a single lump-sum payment that could assist resolution, without assuming either party agrees to them.

**10. Pertinent exhibits.**

Attach an indexed set of exhibits sufficient to evaluate coverage, causation, damages, and settlement. At a minimum, these exhibits should include:

a. The complete policy in effect on the date of loss, including declarations and endorsement, with controlling provisions identified.

b. The December 30, 2025 coverage determination and material subsequent coverage correspondence.

c. Dated photographs or videos showing the roof and interior before mitigation, during inspections, and during roof removal and replacement.

d. Relevant weather information and adjuster, engineer, roofing contractor, or other reports.

At the outset of the settlement conference, the Court anticipates allowing counsel to make brief five-minute opening presentations outlining the factual and legal highlights of their case before the parties separate into caucuses. The Court reserves the right to dispense with the opening presentations if they are unlikely to be productive.

CONFIDENTIALITY

The Court expects the parties to address one another with courtesy and respect. Because the parties must be able to be speak candidly and openly, consistent with Federal Rule of Evidence 408(a), all statements made during the settlement conference, whether oral or written, concerning the substance of the merits of the case shall be confidential and inadmissible for any purpose at trial if the case does not settle.

PRE-SETTLEMENT TELEPHONIC CONFERENCE

Judge Barch-Kuchta will hold a brief pre-settlement conference telephone discussion on February 26, 2027 at 10:00 a.m. for Plaintiff and at 11:00 a.m. for Defendants. The dial-in number is 1-669-254-5252; meeting ID is 160 644 7139; and passcode is 646053. Only the lead attorney from each side[2] should participate.

[2] The Court expects that the attorneys participating in the telephone discussion will also participate in the settlement conference.

DONE AND ORDERED:

Dated: November 4, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE